# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| | |
|---|---|
| BUFFALO RIVER WATERSHED ALLIANCE; ARKANSAS CANOE CLUB; NATIONAL PARKS CONSERVATION ASSOCIATION; and OZARK SOCIETY,<br><br>Plaintiffs,<br><br>V.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE; UNITED STATES SMALL BUSINESS ADMINISTRATION; TOM VILSACK, in his official capacity as Secretary, United States Department of Agriculture; JEANNE HULIT, in her official capacity as Acting Administrator, Small Business Administration; JUAN GARCIA, in his official capacity as Administrator, Farm Service Agency; LINDA NEWKIRK, in her official capacity as Arkansas State Executive Director, Farm Service Agency; and LINDA NELSON, in her official capacity as Arkansas District Director, Small Business Administration,<br><br>Defendants. | Civil No. 4:13-cv-0450 DPM<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY** |

Pursuant to Rules 5.2 and 26(b)(5) of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence, the parties have agreed to, and seek the Court's approval of, this Stipulated Protective Order Regarding Confidentiality. This Protective Order applies to the documents produced by the Federal Defendants as part of the Administrative Record and establishes protections from public disclosure of confidential business information ("CBI") and materials covered by the Privacy Act, 5 U.S.C. § 552a.

1. The parties agree that litigation of this matter will be based on administrative records prepared by the Farm Service Agency ("FSA") and the Small Business Administration ("SBA") (collectively the "Administrative Record").

2. FSA and SBA are preparing the Administrative Record for this matter and have determined that it contains extensive CBI as well as materials covered by the Privacy Act, including personal addresses, telephone numbers, tax identification numbers, social security numbers and personal financial information. Due to the extraordinary nature of this record, the agencies believe a procedure to avoid public disclosure of these materials is appropriate in this case.

3. To avoid public disclosure of CBI or materials covered by the Privacy Act the parties have agreed to the following process for the production of the Administrative Record in this case.

    a. **Production of Administrative Record and Index.** FSA and SBA will make a good faith effort to redact and withhold from the Administrative Record materials that constitute CBI or which are covered by the Privacy Act. The documents withheld in full or redacted in part because they constitute CBI, or are covered by the Privacy Act, or under any other claim of privilege will be listed on an Index to the Administrative Record with an explanation of the reason for the withholding or the redaction. Federal Defendants will lodge with the Court the Index for the Administrative Record, and will provide to counsel for Plaintiffs the Index as well as an electronic copy of the portions of the Administrative Record being produced.

b.     **Designation of Additional Privileged or Confidential Materials.**

(i)     If Federal Defendants determine that they have included in the Administrative Record a document containing CBI, subject to the Privacy Act, or for which they wish to make a claim of privilege, they shall provide notice to Plaintiffs' counsel within fifteen days of that determination. If Defendants claim that only a portion of any document is privileged, they shall provide, along with the notice of the claim of privilege, a new copy of the document with the portions asserted to be privileged redacted.

(ii)    The parties agree that Plaintiffs are under a good-faith obligation not to disclose Privacy Act-protected information or CBI included in the Administrative Record and to notify Defendants upon identifying a document in the Administrative Record that appears on its face or in light of facts known to Plaintiffs to contain CBI, information subject to the Privacy Act, or that is otherwise privileged. This notification shall not waive Plaintiffs' ability to later challenge any assertion of privilege with respect to the identified document. If Federal Defendants believe a document so identified by Plaintiffs to be privileged, they shall provide notice to Plaintiffs within five business days of Plaintiffs' notification to Defendants of potentially privileged material.

(iii)   Upon receiving notice of a claim of privilege on a document served or lodged by Defendants, Plaintiffs, consistent with Fed. R. Civ. P. 26(b)(5)(B), whose procedures this Order incorporates by reference, will promptly sequester the specified information and any copies they have. Plaintiffs may not use or disclose the information contained therein until the Defendants' claim of privilege is resolved. If Plaintiffs disclosed the information before being notified, they must take reasonable steps to prevent further use of such information until the claim is resolved.

3

c. **Filing the Administrative Record.** Federal Defendants will incorporate any additional designations of confidential or privileged materials in a Revised Index. The Revised Index and the portions of the Administrative Record being produced will be filed with the Court on February 25, 2014, the Court-endorsed deadline for Plaintiffs' filing of any motions relating to the adequacy of the Administrative Record, if Plaintiffs file such a motion. If Plaintiffs do not file a motion relating to the adequacy of the Administrative Record, Federal Defendants will file the Revised Index and the portions of the Administrative Record being produced on March 6, 2014, the Court-endorsed deadline for Plaintiffs' filing of a motion for summary judgment.

d. Neither Plaintiffs nor their counsel will make public any materials in the Administrative Record before the Federal Defendants' filing of the portions of the Administrative Record being produced with the Court. Notwithstanding the eventual expiration of this Order, the parties agree that neither Plaintiffs nor their counsel will at any time make public any information from the Administrative Record which they have reason to believe is protected by the Privacy Act or constitutes CBI. The Court does not retain jurisdiction to adjudicate any dispute about any alleged post-Order disclosure.

4. **No Waiver of Inadvertently Disclosed Materials.** Consistent with Federal Rule of Evidence 502(d), any inadvertent or unintentional disclosure of CBI or otherwise privileged information in the Administrative Record will not be construed as a waiver, in whole or in part, of Federal Defendants' claims of confidentiality or privilege as to specific information disclosed, the general topic of the disclosed information, or the right to designate the disclosed information as confidential pursuant to this protective Order.

5. This Order shall remain in effect until one year after this litigation ends, including all appeals.

Agreed on 13 February, 2014.

>ROBER G. DREHER
>Acting Assistant Attorney General
>U.S. Department of Justice
>
>/s/ Barclay T. Samford
>BARCLAY T. SAMFORD
>Trial Attorney, Natural Resources Section
>United States Department of Justice
>Environment & Natural Resources Division
>999 18th Street
>South Terrace, Suite 370
>Denver, CO 80202
>(303) 844-1475; | Phone
>(303) 844-1350 | Fax
>Clay.Samford@usdoj.gov
>
>*Counsel for Defendants*
>
>
>/s/ Hannah Chang
>Hannah Chang
>Marianne Engelman Lado
>Earthjustice
>48 Wall Street, 19th Floor
>New York, NY 10005
>212-845-7382
>hchang@earthjustice.org
>mengelmanlado@earthjustice.org
>
>Hank Bates, ABN 98063
>Carney Bates Pulliam PLLC
>11311 Arcade Dr.
>Little Rock, AR 72212
>501-312-8500
>hbates@cbplaw.com
>
>Monica Reimer
>Earthjustice
>111 South Martin Luther King Jr. Blvd.
>Tallahassee, FL 32301
>850-681-0031
>mreimer@earthjustice.org

5

Kevin Cassidy
Earthrise Law Center
P.O. Box 445
Norwell, MA 02061
781-659-1696
cassidy@lclark.edu

*Counsel for Plaintiffs*

SO ORDERED.

_____
D.P. Marshall Jr.
UNITED STATES DISTRICT JUDGE

_13 February 2014_
Date